IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rabbi Dean Alton Holcomb, #154215, | ) | C/A No.: 1:15-3582-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Greenville County; John Vandermosten, | ) | REPORT AND RECOMMENDATION |
| Administrator of GCDC; Ronald | ) | |
| Hollister, Deputy Director of GCDC; | ) | |
| Major Marshall Stowers; Nurse Tracy | ) | |
| Krein; and P.A. Eastergard, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Rabbi Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at the Greenville County Detention Center ("GCDC"). He filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff sues Greenville County, GCDC Administrator John Vandermosten, GCDC Deputy Director Ronald Hollister, Major Marshall Stowers, Nurse Tracy Krein, and P.A. Eastergard ("Eastergard") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges GCDC's medical department is rendering medical services by unqualified personnel. [ECF No. 1 at 3]. Plaintiff claims around March 7, 2015, he complained about his left leg. *Id*. He was taken to medical where he informed Eastergard about a recent fall and his need for a cane. *Id.* Plaintiff says Eastergard "handled [his] lower leg in a brut[]al fashion," noted the color was good, and issued him a soft brace. *Id.* Plaintiff claims he has severe nerve damage on his lower left leg. *Id*. at 3–4. Plaintiff also alleges he requested a double mat pass because his mat hurt his back and lower left leg. *Id.* at 4. Plaintiff states his movement is limited because of his lack of a cane, and he also suffers from back pain. *Id.* at 4.

Additionally, Plaintiff alleges that on two occasions he complained about a tooth infection and a sore on his buttocks. *Id.* Plaintiff alleges a nurse placed him on antibiotics in both cases, which Plaintiff believes is illegal. *Id.* Plaintiff alleges from August 26 to August 31, 2015, he received two large oblong white pills with his "'real doctor' prescribed medicine." *Id.* Plaintiff claims the antibiotics are stapled to his med pack with another person's name marked out, and sometimes include ibuprofen or Tylenol or another unknown pill. *Id.*

Plaintiff further alleges GCDC removed a tooth after a filling fell out as a result of a slip and fall. *Id.* at 5. Plaintiff claims he reluctantly consented to the extraction because he was in pain and had waited a week to ten days. *Id.* Plaintiff argues GCDC restricts dental services to extractions and contends this policy is motivated by financial concerns. *Id.*

Finally, Plaintiff states GCDC management demonstrates deliberate indifference to pretrial detainee safety. *Id.* at 6. Plaintiff alleges he shares bunk area space with an inmate who has a "bed sore that leaks blood requiring multiple dressing changes daily." *Id.* at 6–7. Plaintiff states this inmate told his roommates he has Hepatitis C. *Id.* at 7. Plaintiff claims it is often difficult to get Virex cleaning solution and claims the officers give them window cleaner instead. *Id.* Plaintiff said he has asked for toilet seat liners, antibacterial dispensers at the sink in the community bathroom, and information about how Hepatitis C is spread, but his inquiries were ignored. *Id.* Plaintiff alleges he also shares space with HIV/AIDS patients. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.* at 8.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis[1]

Plaintiff complains about the treatment GCDC medical staff provided for his leg injury, infections, and back and tooth pain. [ECF No. 1]. Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–106 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v.*

---

[1] Pretrial detainees complaining of deliberate indifference to their health, safety, or medical needs proceed under the Fourteenth Amendment, rather than the Eighth Amendment. *See Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001) (noting that "the Fourteenth Amendment rights of pre-trial detainees 'are at least as great as the Eighth Amendment protections available to a convicted prisoner'") (internal citations omitted). The standard for reviewing such claims is essentially the same as that for a convicted prisoner under the Eighth Amendment. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988).

*Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff provides insufficient factual information to indicate that any of the ailments that he complains of are serious medical conditions. Further, Plaintiff states that he received a brace for his leg injury, antibiotics for his infections, and an extraction for his damaged tooth. *Id.* at 3–6. The Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011)*; Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Plaintiff's belief that he should have received additional or different treatment does not constitute deliberate indifference to his serious medical needs. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Plaintiff's medical indifference claim is subject to summary dismissal.

To the extent Plaintiff also alleges a conditions of confinement claim, this claim is also subject to summary dismissal because Plaintiff's allegations of unsanitary conditions do not rise to the level of an Eighth Amendment violation. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim . . . . '[O]nly those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to

form the basis of an Eighth Amendment violation.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal citations omitted). Moreover, Plaintiff's claims also fail because he has not alleged a significant physical or emotional injury from the challenged conditions. *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (finding that an Eighth Amendment claim should be dismissed if it fails to suggest inmate suffered a serious physical or mental injury from the condition).

Because Plaintiff has not stated a claim of constitutional magnitude pursuant to § 1983 and has failed to allege any other basis for the court's jurisdiction, the court is without jurisdiction to consider Plaintiff's state law claims. Accordingly, Plaintiff's fraud and conspiracy claims are also subject to summary dismissal.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

September 21, 2015                              Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).